to others, or his likeness exhibited to the public, is liable to the other."

Comment d to §867 reads : "d. Conditions of liability. The rule stated in this Section is not dependent upon conduct which, aside from the invasion of privacy, would be tortious, such as trespass to lands or chattels, or defamation. Neither does it depend for its validity upon a breach of confidence, nor upon the untruth of the statements. On the other hand, liability exists only if the defendant's conduct was such that he should have realized that it would be offensive to persons of ordinary sensibilities. It is only where the intrusion has gone beyond the limits of decency that liability accrues. These limits are exceeded where intimate details of the life of one who has never manifested a desire to have publicity are exposed to the public."

The angry performance of defendant's agent was an unreasonable and serious interference with appellant's desire for anonymity and an intrusion beyond the limits of decency. She had every right to prefer the presumption of her innocence to its hostile public demonstration.

Defendant should answer for it on both counts.

The order is reversed, with a *procedendo*.

Mr. Justice BELL dissents.

# Shoemaker, Appellant, *v.* Lehigh Valley Coal Company.

Argued April 30, 1959. Before BELL, MUSMANNO, JONES, COHEN, BOK and McBRIDE, JJ.

*Mitchell Jenkins,* with him *Charles H. Miner, Jr.,* for appellant.

*James P. Harris,* with him *Jonathan C. Valentine,* for appellee.

OPINION PER CURIAM, May 28, 1959:

Judgment affirmed on the opinion of Judge FRANK L. PINOLA, 16 Pa. D. & C. 2d 770.